Daniel, Judge.
 

 Upon this state of the case, there can be no doubt, and we So declare, that the remainder in the slaves and their increase, (which had been bequeathed to Hannah Thomas for lile,) vested in moities in Elizabeth McAlister and John T. Gilmore. Whether the said legacy vested in interest immediately on the death of the testator, or on John T. Gilmore’s arriving to the age of 21 years, it is now unnecessary to decide, as Gilmore arrived at 21 years of age, before the death of Elizabeth McAlister. But our attention has been called to the 8th, 9th, 10th and 11th sections of the will. On reading those sections, we have no hesitation in saying, that they relate entirely to other portions of the testator’s property, and do not touch or relate to the property given by the testator to his wife for life, and then in remainder (by the 12th clause) to Elizabeth Mc
 
 *25
 
 Alister and John T. Gilmore. By the 8th section, the property (not left to his wife) is to be kept together for a particular time: and then a direction how the profits which had accrued during that time should be divided between' Mrs. McAlister and John T. Gilmore. The 9th, 10th and 11th sections proceed to
 
 limit
 
 the said property, in and among his family, upon the happening of certain contingencies. The
 
 property
 
 referred to, in these sections, we .think, does not include the interest in remainder of the slaves left by the testator to his wife for life. This may be collected from what the testator has said in the 8th section,
 
 (“ not left to my wife”J
 
 as well as the express enumeration and designation of the property intended to be covered by the 11th section, at least by the schedule appended to the foot of that section; which schedule does not include the slaves given to his wife for life. We think that the 12th section is an independent clause, intended solely to dispose of the property given before to his wife for life. The plaintiff is entitled to have his moiety of the slaves secured, &c.
 

 Per Curiam. Decree.accordingly.